|  |  |  |
|---|---|---|
| | : | **UNITED STATES DISTRICT COURT** |
| **UNITED STATES OF AMERICA,** | : | **DISTRICT OF NEW JERSEY** |
| | : | |
| **Plaintiff,** | : | **Hon. Garrett E. Brown** |
| | : | **Civil Action No. 09-1491 (GEB)** |
| **-vs-** | : | |
| | : | |
| **ALPHONSE WILLIAMS AND JOAN** | : | **REPORT AND RECOMMENDATION** |
| **WILLIAMS** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon the Motion of Plaintiff United States of America ("Plaintiff") for an Order granting Summary Judgment in favor of Plaintiff for the claims brought by Plaintiff [Docket Entry No. 19]. The Court has fully reviewed and considered the papers submitted in support of Plaintiff's Motion, and considers Plaintiff's Motion without oral argument pursuant to FED.R.CIV.P. 78. The Court notes that Defendants Alphonse and Joan Williams ("Defendants") have not filed an opposition to this Motion. For the reasons set forth more fully below, the Court recommends that Plaintiff's Motion be GRANTED.

**I. Background**

Plaintiff's claims in this case arise from Plaintiff seeking to reduce to judgment several federal tax assessments for trust fund recovery penalties against Defendants, as well as to foreclose its federal tax liens against real property that Defendants own in Monmouth County, New Jersey. Defendants are indebted for trust fund recovery penalties pursuant to 26 U.S.C. §6672 with respect to trust fund taxes owed by Jamas Day Care Center Corp., Inc. for the following tax periods: the fourth quarter of 2004, the first, second and fourth quarters of 2005 and the first, second and fourth quarters of 2006 ("the new tax liabilities"). (Blaskopf Dec. Exs. B and C). As of July 15, 2009, the Defendants were

indebted to the United States of America for the new tax liabilities in the total amount of $25,033.68. (*Id.*).  Earlier, in Civil Action No. 3:07-cv-00175 (USDC DNJ), the Court entered a Default Judgment against Defendants for income taxes and trust fund penalty taxes they owed from various quarters during the years of 1992 through 1999, and 2001 through 2004 ("the old tax liabilities"). (Blaskopf Dec. Ex. A).  As a result of both the new and old tax liabilities, federal tax liens arose against all of the Defendants' property and rights to property. 26 U.S.C. §6321, 6322. (Blaskopf Dec. Exs. G, H, and I).  Among the property of Defendants is a parcel of real property located at 18 Marlin Place, Red Bank, New Jersey. (Blaskopf Dec. Ex. J).  In the instant motion, Plaintiff is seeking to recover the total amount of the new tax liabilities and foreclose on Defendants' parcel of real property in New Jersey.

## II.  Analysis

### A. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986).

"Of course, a party seeking summary judgment always bears the initial responsibility of

2

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477

U.S. at 323.  The burden on the moving party "may be discharged by 'showing'-that is, pointing out

to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id.*

at 325.  Once the moving party has properly supported its showing of no triable issue of fact and of

an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also*

*Anderson*, 477 U.S. at 247-48.  The non-moving party must "go beyond the pleadings and by [its] own

affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific

facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc.*

*v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact

. . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the

movant," but rather "must exceed the 'mere scintilla' threshold), *cert. denied* , 507 U.S. 912 (1993).

A movant is not automatically entitled to summary judgment simply because the non-movant

fails to oppose the motion. *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F. 2d 168, 175 (3d Cir.

1990).  Instead, Rule 56(e) provides that the Court may grant the unopposed motion "if appropriate".

*Id.; Carp v. Internal Rev. Serv.,* No. 00-5992, 2002 U.S. Dist. LEXIS 2921, at *7 (D.N.J. Jan. 28,

2002) ("Even where the non-moving party has failed to establish a triable issue of fact, summary

judgment will not be granted unless 'appropriate'").  An unopposed motion is appropriately granted

when the movant is entitled to judgment as a matter of law. *Anchorage Assocs.*, 922 F. 2d at 175.  "If

the non-moving party fails to oppose the motion for summary judgment by written objection,

3

memorandum, affidavits and other evidence, the Court 'will accept as true all material facts set forth

by the moving party with appropriate record support.' " *Carp,* 2002 U.S. Dist. LEXIS 2921, at *6-*7.

Accordingly, when the mon-moving party fails to respond to a movant's motion for summary

judgment, the Court need only examine the pleadings and any evidence attached to the movant's

motion. *Atkinson v. City of Phila.,* No. 99-1541, 2000 U.S. Dist. LEXIS 8500, at *7 (E.D. Pa. June 20,

2000).

**B.  Court's Analysis**

<u>**ARGUMENT I - NEW TAX LIABILITIES**</u>

To succeed  in a tax collection action, the government must establish a *prima facie* case which

shows that a timely assessment has been made against a taxpayer. *Psaty v. United States*, 442 F. 2d

1154, 1159 (3d Cir. 1971).  A certificate of assessments and payments is proof that tax assessments

were actually made and establishes the government's *prima facie* case as to the taxpayer's liability.

*Id.* at 1161.  Here, the Plaintiff has established the *prima facie* case. Plaintiff has supported its motion

for summary judgment with certificates of assessment and payments concerning the new tax liabilities

periods. (Blaskopf Dec. Exs. B and C).  These certificates of assessments and payments establish that

the government has made valid assessments of trust fund recovery penalties against the Defendants

for the tax periods at issue.  By the Plaintiff having established the *prima facie* case, the burden now

falls on the Defendants to establish a "genuine issue of material fact with regard to the validity or

correctness of the assessments." *United States v. Jones*, 877 F.Supp. 907, 913 (D. N.J. 1995).

Defendants have failed to file any meaningful opposition to Plaintiff's Motion for Summary

Judgment. On July 7th, 2009, Defendants filed a document with the Court which was labeled as

"Crossclaim against United States of America" [Docket Entry No. 11]. This document was completely

unintelligible to the Court as it appears to have been written in a strange dialect of the English language.  On October 8th, 2009, the Court held an Order to Show Cause Hearing as to why the Court should not enter a default judgment in favor of Plaintiff [Docket Entry No. 22]. The Defendants appeared before the Court on the date of the hearing and the Court granted Defendants an extension of time to file an Answer and an Opposition to Plaintiff's Motion for Summary Judgment [Docket Entry No. 22].  The Court also advised Defendants to submit their documents to the Court in an understandable format [Docket Entry No. 22].  On October 29th, 2009, Defendants submitted a document to the Court which was labeled as "Writ for the De-Novo."  This document, which was prepared in a similar style and dialect to the Defendants' first document submitted to the Court, was deemed by the Court to be unintelligible [Docket Entry No. 24]. The Court held that this document would not be docketed because it could not be comprehended [Docket Entry No. 24]. On November 25th, 2009, the Defendants filed the exact same document that they filed on October 29th, 2009 [Docket Entry No. 25]. The Court then issued an Order on December 1st, 2009 which held that because Defendants had already missed their deadline to file Opposition Papers, the Court would treat Plaintiff's Motion as unopposed [Docket Entry No. 26].

Because Plaintiffs' Motion for Summary Judgment is unopposed, the Court will "treat all facts properly supported by the movant to be uncontroverted." *Brandon v. Warden, Northern State Prison*, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006).  For this reason, the Court finds that the Defendant has failed to establish any "genuine issue of material fact with regard to the validity or correctness of the assessments." *Jones*, 877 F.Supp. at 913.  Therefore, even viewing the facts in the light most favorable to the Defendant, there are no genuine issues of material fact existing as to the circumstances surrounding the Defendants' tax liabilities.  Additionally, the Court finds that granting summary

judgment in this case would be "appropriate," as the Plaintiff has demonstrated that they are entitled to judgment as a matter of law. *Anchorage Assocs.*, 922 F. 2d at 175.

## <u>ARGUMENT II - TAX LIENS ON DEFENDANTS' PROPERTY</u>

Upon the assessment of a tax against a taxpayer, a federal tax lien arises which attaches to all property and rights to property of a taxpayer. 26 U.S.C. §6321, 6322.  In this case, the IRS has made many assessments against the Defendants on which there are balances due to the government. (Blaskopf Dec. Exs. A, B, and C).  The United States gave the Defendants notice of these assessments and demanded their payment on the dates of the assessments in accordance with 26 U.S.C. §6303. (Blaskopf Dec. Exs. G).  As a result, federal tax liens arose on the dates of the assessments, and these liens attached to the Defendants' property and rights to property.  As the Defendants have failed to oppose the Motion, the Court will "treat all facts properly supported by the movant to be uncontroverted." *Brandon*, 2006 WL 1128721 at *3.  For this reason, the Court finds that the Defendant has failed to establish any genuine issue of material fact with regard to the tax liens. Additionally, the Court finds that granting summary judgment in this case would be "appropriate," as the Plaintiff has demonstrated that they are entitled to judgment as a matter of law. *Anchorage Assocs.*, 922 F. 2d at 175.  In a case such as this, where the owners of the property are both delinquent taxpayers, it would not be "permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer[s] . . . ." *United States v. Rogers*, 461 U.S. 677, 709 (1983).  Accordingly, the federal tax liens stemming from both the new and old tax liabilities against the Defendants' interest in their real property in Red Bank, New Jersey may be foreclosed, and the property may be sold. 26 U.S.C. §7403.

6

**III. Conclusion**

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Summary Judgment be GRANTED.

IT IS therefore on this 22nd day of December 2009,

RECOMMENDED that Plaintiff's Motion for Summary Judgment [Docket Entry No. 19] be GRANTED; and it is further

ORDERED that pursuant to L.Civ. R. 72.1(c)(2) and Fed. R. Civ. P. 72(b), within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Report and Recommendation upon Defendant by regular U.S. mail.

Respectfully submitted,

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**